14-2812(L)
United States v. Raddy Breton

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT: RALPH K. WINTER, JR.,
         DENNIS JACOBS,
         JOSÉ A. CABRANES,
                     **Circuit Judges.**

- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee,**

         **-v.-**                    14-2812(L)

RADDY BRETON,
         **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Malvina Nathanson, New York, NY.

FOR APPELLEE:               Kevin Trowel and David C. James, Assistant United States Attorneys, for Robert

L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the sentence of the district court be **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant Raddy Breton, who pleaded guilty to attempted possession of methylone with intent to distribute in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), appeals from the supervised release component of his sentence. A separate pro se brief challenges the validity of his plea. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Breton argues -- and the government agrees -- that the district court committed plain error by calculating his Guidelines range for the term of supervised release to be three years to life. Taking into proper account U.S.S.G. § 5D1.2 and the safety valve relief available under 18 U.S.C. § 3553(f), the correct Guidelines range for Breton's supervised release term is one to three years.[1] See U.S.S.G. § 5D1.2(a)(2). The miscalculation of the Guidelines range was plain error. Molina-Martinez v. United States, 136 S. Ct. 1338, 1349 (2016) (observing that "a defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show

---

[1] Although the statutory range of supervised relief for Breton under 21 U.S.C. § 841(b)(1)(C) is three years to life, Application Note 2 of U.S.S.G. § 5D1.2, which was not brought to the district court's attention, provides that defendants (like Breton) who qualify for safety valve relief under 18 U.S.C. § 3553(f) are "not subject to any statutory minimum sentence of supervised release," and are subject to U.S.S.G. § 5D1.2(a) (which provides for a Guidelines range of one to three years' supervised release for defendants, like Breton, who committed a Class C felony).

2

a reasonable probability that the district court would have imposed a different sentence under the correct range" and that "[t]hat probability is all that is needed to establish an effect on substantial rights"); United States v. Dorvee, 616 F.3d 174, 182 (2d Cir. 2010) ("If the district court miscalculates the typical sentence at the outset, it cannot properly account for atypical factors and we, in turn, cannot be sure that the court has adequately considered the §3553(a) factors.  That is what happened here, and constitutes procedural error.").[2] Accordingly, we vacate Breton's five-year term of supervised release and remand for resentencing solely as to this component of the sentence.[3]

**2.**  Breton argues in his pro se brief that his plea was not knowing and voluntary because it was based on his assumption

---

[2] Although we may deem an error harmless if "the record indicates clearly that the district court would have imposed the same sentence in any event," United States v. Mandell, 752 F.3d 544, 553 (2d Cir. 2014), the record does not indicate that the district court would have arrived at the same term of supervised release absent the error.  See Molina-Martinez, 136 S. Ct. at 1348 (stating that "there [was] at least a reasonable probability that the District Court would have imposed a different sentence" absent the miscalculated Guidelines range when the court "said nothing to suggest that it would have imposed [the same] sentence regardless of the Guidelines range").

[3] On remand, the district court is free to impose whatever supervised release term it deems justified, including, if warranted, the same (above-Guidelines) term of five years. Contrary to Breton's suggestion, 21 U.S.C. § 841(b)(1)(C)'s *maximum* of lifetime supervised release trumps the three-year maximum provided under 18 U.S.C. § 3583(b)(2).  See 21 U.S.C. § 841(b)(1)(C) (providing for a term of supervised release of "at least 3 years" -- meaning up to life -- "[n]otwithstanding section 3583 of title 18"); see also United States v. Eng, 14 F.3d 165, 173 (2d Cir. 1994) (holding that 21 U.S.C. § 841(b)(1)(A)'s provision that a term of supervised release must be "at least 5 years" trumps the general provision in 18 U.S.C. § 3583(b)(1) that such a term must be "not more than five years").

3

that the district court would calculate his Guidelines sentencing range by using a 200:1 methylone-to-marijuana equivalency (instead of the 500:1 ratio it actually used). However, no promise was made to him regarding the drug ratio that would be used, and he acknowledged at his plea hearing that no one could make any promise as to what sentence he would receive. He was informed that his sentence would be determined by the district court, which was not bound by the plea agreement, and he agreed to waive his right to appeal any prison sentence of 97 months or less "without regard to the sentencing analysis used by the [District] Court."[4] Plea Agreement ¶ 4. Thus, the record presents no basis for challenging the knowing and voluntary nature of his plea.

Accordingly, the sentence of the district court is hereby **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[4] Breton was sentenced to 96 months' imprisonment. A previous panel of this Court dismissed Breton's appeal of his conviction and term of imprisonment due to the appeal waiver in his plea agreement. To the extent that Breton seeks to challenge that ruling, he presents no compelling reasons for doing so.